IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cr-00216-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| OSCAR DE AQUINO, | |
| Defendant. | |

Natalie K. Wight
Bryan Chinwuba
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Oscar De Aquino
No. 02481-510
FCI Sheridan
P.O. Box 5000
Sheridan. OR 97378

    Defendant, *Pro Se*

1 - OPINION & ORDER

HERNÁNDEZ, Senior Judge:

This matter comes before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the Court denies Defendant's Motion.

## BACKGROUND

On July 13, 2022, Defendant was indicted on one count of conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and 846 and one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi). On March 23, 2023, Defendant pled guilty to the one count of possession with intent to distribute fentanyl. On June 27, 2023, the Court sentenced Defendant to 68 months imprisonment followed by a three-year term of supervised release.

On December 24, 2024, Defendant filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) in which he seeks compassionate release on the grounds that the caregiver of his minor child has died or become incapacitated and he is the only available caregiver for his child or children. The Court took Defendant's Motion under advisement on January 22, 2025.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could

file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, amended § 3582(c)(1)(A) to allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)    Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons. On November 1, 2023, the Sentencing Commission amended the sentencing guidelines and explained that the amendment "extends the applicability of the policy statement to defendant-filed motions." U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* (Effective Nov. 1, 2023) at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Accordingly, a defendant must show extraordinary and compelling reasons to reduce his sentence consistent with the policy statement.

The policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family

circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5).

## DISCUSSION

A defendant seeking a reduction of his sentence bears the burden to establish that he has exhausted administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020)(citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)(defendant bears the burden to establish entitlement to sentencing reduction)).

The government asserts Defendant has not established that he has exhausted his administrative remedies and, therefore, the Court should deny Defendant's Motion. Defendant states in his Motion that he submitted a request for compassionate release to the warden at FCI Sheridan on December 16, 2024, and has not yet received a response. Def. Mot., ECF 526, p. 3. Defendant, however, filed his Motion for Reduction of Sentence on December 24, 2024, less than 30 days after he submitted his request to the warden.

"[T]he failure to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement does not deprive [courts] of subject-matter jurisdiction." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021)(citing *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)). Nevertheless, "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Id.* (citation

omitted). See also *United States v. Fuentes*, 834 F. App'x 414, 415 (9th Cir. 2021)("A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement."). "Interpreting § 3582(c)(1)(A) in this manner makes sense" because "the statutory command is clear: a 'court *may not* modify a term of imprisonment' unless the defendant has fully complied with the exhaustion requirement." *Keller*, 2 F.4th at 1282 (emphasis in *Keller*)(quoting 18 U.S.C. § 3582(c). "[T]he requirement [also] promotes good policy. For example, . . . it allows the government to 'implement an orderly system for reviewing compassionate-release applications,' rather than one 'that incentivizes line jumping.'" *Id.* (quoting *Alam*, 960 F.3d at 834). "This system, in turn, 'ensures that the prison administrators can prioritize the most urgent claims.'" *Id.* (quoting *Alam*, 960 F.3d at 835).

The government properly and timely raised Defendant's failure to establish that he has exhausted his administrative remedies. The Court, therefore, must enforce the mandatory claims processing rule of § 3582(c)(1)(A) and deny Defendant's Motion for Sentence Reduction.

## CONCLUSION

The Court DENIES Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i), ECF 526.

IT IS SO ORDERED.


DATED:  February 25, 2025  .



　　　　　　　　　　　　　　　　　　*Marco Hernandez*
　　　　　　　　　　　　　　　　　　MARCO A. HERNÁNDEZ
　　　　　　　　　　　　　　　　　　United States Senior District Judge

5 - OPINION & ORDER